The Attorney General is in receipt of your letter wherein you ask, in effect, the following questions: May a duly appointed and acting municipal judge of a city also serve as a municipal judge of a court not of record for an incorporated town in the same county without violating the Oklahoma Constitution, Article II, Section 12, or any other Oklahoma law? Article II, Section 12 of the Oklahoma Constitution precludes any Oklahoma Congressman or officer of the United States or officer of another state from holding any office under the laws of Oklahoma. As your question contains issues only of offices created under Oklahoma law, Article II, Section 12, is not applicable. Title 51 O.S. 6 [51-6] (1971), specifically addresses your question wherein it provides: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State. Provided, that the provisions of this Section will not apply to notaries public and members of the Textbook Commission." This office has consistently ruled that such language constitutes an express prohibition on dual office holding except as may otherwise be provided by law and equally applies to all public officers. Op. Atty. Gen. No. 77-179 (August 5. 1977). Prior Attorney General's Opinions have held that the position of municipal judge is an office as contemplated by 51 O.S. 6.7 [51-6.7] (1971) Op. Atty. Gen. 24 (1974). The question here is whether the Legislature has so provided to take the office of municipal judge from the scope of the dual office holding provision. We invite your attention to Article VII, Section 11 of the Oklahoma Constitution, which provides in part: "(b) No Justices or Judges, except those of Municipal Courts, shall engage in the practice of law nor hold any other office or position of profit under the United States or this State or any municipal corporation or political subdivision of this State, nor shall hold office in any political party." (Emphasis added) A clear reading of the above provision reveals intent to effectively exempt the position of municipal judges from the dual office prohibition. That is to say, an individual may serve as municipal judge for more than one city simultaneously without violating state law. Cognizable of prior Attorney General's Opinions which address the issue of dual office holding relative to municipal judges, in no way must the opinion be construed as overruling those opinions wherein the positions in question involve a position other than a municipal judge. It is, therefore, the official opinion of the Attorney General that the Oklahoma Legislature has so provided that an individual may simultaneously serve as a municipal judge for more than one locale without violating any constitutional articles or laws proscribing dual office holding. (RONALD LEE JOHNSON) (ksg) ** SEE: OPINION NO. 90-540 (1990) (UNPUBLISHED) ** ** SEE: OPINION NO. 92-502 (1992) (UNPUBLISHED) **